Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9500 | **DATE** | 8/30/2004 |
| **CASE TITLE** | John Lofton vs. Cook County Department of Corrections, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Ruling date on motion to dismiss is stricken. Defendants' motion to dismiss (42-1) is granted in part and denied in part. Accordingly, the Eight Amendment claim asserted against defendant Jenkins is dismissed. Plaintiff has fourteen days from the date of this order to amend his complaint in accordance with the Memorandum Opinion and Order, if he can do so and remain in compliance with Rule 11. Status hearing previously set for 9/30/04 at 11:00 a.m. stands.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 3 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 46 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| CW6 | courtroom deputy's initials | 2004 AUG 30 PM 4:49 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN LOFTON, )
)
        Plaintiff, )
)
v. ) No. 02 C 9500
) Paul E. Plunkett, Senior Judge
MICHAEL F. SHEAHAN, DORA TAPIA, )
CARLA JENKINS and JOHN JONES, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

John Lofton has sued defendants for their alleged violation of his Eighth Amendment rights. Defendants Dora Tapia, Carla Jenkins and John Jones ("defendants") have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the third amended complaint.[1] For the reasons set forth below, the motion is granted in part and denied in part.

### Facts

On September 22, 2002, while he was in the custody of the Cook County Department of Corrections ("CCDOC"), John Lofton had sharp pains in his side and chest, was extremely short of breath and was unable to speak above a whisper. (Third Am. Compl. ¶ 17.) He reported his symptoms to defendant Tapia, who was responsible for dispensing medication to inmates on

---

[1] Defendant Sheahan has answered the complaint.

1

Lofton's tier. (Id. ¶ 18.) Tapia told Lofton he was not sick, refused to let him see a doctor and gave him Tylenol. (Id.)

When he was feeling no better the following afternoon, Lofton asked a CCDOC guard to take him to the dispensary. (Id. ¶ 19.) Defendant Jenkins, who was the nurse on duty at the time, performed a cursory examination of Lofton and told him he was not sick. (Id.) Tapia was also in the dispensary at the time, and both she and Jenkins belittled Lofton's complaints and sent him back to his tier. (Id. ¶ 21.)

The next day, September 24, 2002, Lofton was transferred from CCDOC custody to the custody of the Illinois Department of Corrections. (Id. ¶ 14.) Lofton reported his symptoms to defendant Jones, the CCDOC guard responsible for escorting Lofton from his cell as part of the transfer. (Id. ¶ 23.) Jones ignored his complaints and, despite Lofton's obvious distress, forced him to remove his mattress and personal belongings from his cell. (Id.)

On September 25, 2002, while in State custody, Lofton was diagnosed as having a collapsed right lung. (Id. ¶ 16.) He had surgery two days later. (Id.)

Plaintiff alleges that defendants' failure to provide him with medical treatment aggravated his condition, caused him additional pain and suffering and prevented him from recovering fully from his illness. (Id. ¶¶ 25-26.)

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no

relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

### Exhaustion

Defendants contend that the Prison Litigation Reform Act ("PLRA") mandates dismissal of plaintiff's claim. In relevant part, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff has not alleged that he filed a grievance with CCDOC about defendants' conduct. Thus, defendants say, his claim must be dismissed.

Plaintiff, of course disagrees. In his view, exhaustion is excused because he did not know he had a grievance until he was diagnosed with a collapsed lung, which occurred when he was no longer in CCDOC custody.

Plaintiff's allegations do not support his argument. From September 22 through 24, 2002, while he was in CCDOC custody, plaintiff was in serious physical distress. (Third Am. Compl. ¶¶ 17-23.) Moreover, plaintiff alleges, he reported his condition to each of the defendants who refused to provide him appropriate medical care. (Id.) Though plaintiff did not discover the source of his distress, a collapsed lung, until he was in State custody, he did not need the diagnosis to know that defendants had behaved improperly. Thus, the lack of diagnosis does not excuse him from filing a grievance.

That does not mean that his claims must be dismissed, however. The PLRA requires plaintiff to exhaust *available* administrative remedies, and the facts of this case suggest that none were available here. Plaintiff alleges that he was transferred out of CCDOC custody forty-eight hours after becoming ill. (Id. ¶¶ 14, 17.) In the very likely event that CCDOC takes more than two days to resolve grievances, and either dismisses pending grievances when an inmate is transferred or adjudicates the grievance in his absence but awards no damages, the CCDOC grievance procedure could have provided him no relief. A grievance procedure that cannot redress or even mitigate plaintiff's harm is, in effect, no remedy at all. See Muller v. Stinson, No. 99-CV-0624, 2000 WL 1466095, at *2 (N.D.N.Y. Sept. 25, 2000) (stating that there is no available remedy if institution dismisses pending grievances of transferred inmates).

Defendants urge a different interpretation of the exhaustion requirement. In their view, plaintiff had to use the grievance process, even if his imminent transfer rendered CCDOC powerless to address his complaints, simply because it was there. That interpretation makes sense if the exhaustion requirement is simply a docket control device; a meaningless hoop inmates must jump through on their way to court. If, however, the requirement has a substantive purpose, and our court of appeals has said that it does, see Pozo v. McCaughtry, 286 F.3d 1022, 1023-24 (7th Cir. 2002) (stating that "the statutory objective of [the exhaustion requirement is] to give the prison administration an opportunity to fix the problem"), inmates must initiate grievances only if there is at least a remote possibility that the process will be useful.

The cases cited by defendants do not dictate a different result. Porter v. Nussle, 534 U.S. 516, 532 (2002) teaches that excessive force cases are subject to the PLRA's exhaustion requirement, a principal that has no application to this case. Similarly inapposite is Dixon v. Page, 291 F.3d 485

4

(7th Cir. 2001), which holds that a litigant who was a prisoner at the time his lawsuit was filed and "had access to [the institution's] administrative grievance system" was subject to the PLRA, even though he was released from prison during the life of the suit. Id. at 488-89. In this case, however, plaintiff argues that his transfer effectively denied him access to CCDOC's grievance procedure, a situation Dixon does not address.

In short, defendants, whose burden it is to prove this affirmative defense, see Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 2000), have not established that the CCDOC grievance process was substantively available to plaintiff. Absent that showing, their motion to dismiss for failure to exhaust is denied.

## Sufficiency of the Allegations

To state viable Eighth Amendment claims against defendants, plaintiff must allege that he had a serious medical need and that defendants were deliberately indifferent to it. Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (internal quotation marks and citation omitted). "Deliberate indifference [is] . . . more than mere negligence." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Defendants were deliberately indifferent only if they were "subjectively aware of [plaintiff's] serious medical needs and disregarded an excessive risk that a lack of treatment posed to [his] health or safety." Wynn, 251 F.3d at 593.

Plaintiff's allegations satisfy the serious medical need element of his claims. According to the complaint, plaintiff was extremely short of breath and unable to speak above a whisper starting

the morning of September 22, 2002. (Third Am. Compl. ¶ 17.) Those symptoms should have alerted each of the defendants, regardless of their medical training, to his need for medical attention.

Plaintiff's allegations also support the inference that defendants Tapia and Jones acted with deliberate indifference. Rather than summoning medical attention for him, when he was complaining of chest pain and visibly struggling for breath, plaintiff says Tapia gave him Tylenol and Jones forced him to perform manual labor. (Id. ¶¶ 18, 23.) Those allegations are sufficient to support the inference that Tapia and Jones knew of and disregarded the excessive risk that a lack of treatment posed to plaintiff's health.

The situation is different for defendant Jenkins. Unlike Tapia and Jones, Jenkins is alleged to have examined plaintiff in response to his complaints. (Id. ¶ 19.) Though the examination is described as "cursory," plaintiff does not allege, and we cannot infer, that it was so brief or otherwise outside the realm of accepted medical practice as to constitute no examination at all. Absent such allegations, plaintiff has not stated a viable Eighth Amendment claim against Jenkins. Estate of Cole v. Fromm, 94 F.3d 254, 261-62 (7th Cir. 1996) ("[D]eliberate indifference may be inferred based upon a medical professional's erroneous treatment decision only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment.").

## Conclusion

For all of the reasons stated above, defendants' motion to dismiss is granted in part and denied in part. The Eighth Amendment claim asserted against defendant Jenkins is dismissed. In all other respects, the motion is denied. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend his complaint in accordance with this Opinion, if he can do so and remain in compliance with Rule 11.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE

DATED: __AUG 3 0 2004__